*STAPEES, J.,
delivered the opinion of the court.
This is an action of assumpsit upon a policy of insurance executed by “The Continental Insurance Company,” of the city of New York. The action was brought in the Circuit court of Roanoke county, where, as is averred, the insurance was effected and the property was located. A verdict and judgment were rendered in favor of the plaintiff. Upon the trial various exceptions, were taken by the defendants to the rulings of the court. It is, however, only necessary at present to notice the defendant’s fourth bill of exceptions, which brings before us the instructions offered during the trial.
Both parties asked for instructions. Some of those asked for by defendants were given, others were refused. In relation to those that were refused it is impossible for this court to say that any error was committed in so doing, for the plain reason that the bill of exceptions contains no part of the evidence. A party complaining of the action of the court in refusing his instructions, is required always to incorporate in his bill of exceptions so much of the evidence at least as tends to show that the instructions have some application to the subject matter of controversy. Unless this is done the court may be continually required to consider mere abstract questions of law having no bearing upon the case. This is the-well settled doctrine of the appellate courts everywhere.
This brings us to the consideration of the three instructions given at the instance of the plaintiff. The .first and third are substantially the same, and may be examined together. They declare, in effect, that the plaintiff has a right of recovery upon the policy although misrepresentations may have been made by *him to the defendant before and in regard to the property insured, unless such misrepresentations were material or prejudicial, and were wilfully made with intent to defraud the defendants. The proposition here announced is an entire misconception of the law governing contracts of insurance. The error is in assuming that a misrepresentation, to defeat the policy, must be made with intent to defraud.
The rule upon this subject is thus laid down in Elanders on Insurance, page 327. Any material misrepresentation therefore, or any failure to comply with the conditions of the insurance on the part of the assured, will avoid the policy, such as misrepresentation of the construction, nature, character, value and situation of the premises or goods to be insured, or any other misrepresentation that induces the insurer to take the risk which he otherwise might have rejected, or to take it at a less premium.
In Carpenter v. American Insurance Company, 1 Story’s R. 57, the applicant had represented that certain additions had been made to the property, and upon the faith of these representations the policy was issued. Mr. Justice Story in commenting upon this point said: “1. It turns out *379 that this representation is utterly untrue, whether by design or mistake is not material. No one can doubt the materiality of this representation, for it was the very point upon which the policy was undertaken. This makes an end of the case; for a false representation of a material fact is, according to well settled principles, sufficient to avoid a policy of insurance undertaken on the faith thereof, whether the false representation was by mistake or design. See 1 Phillips on Insurance, sec. 337. Authorities to the same effect might be multiplied almost without number. They all affirm the proposition, *that when the insurer is induced to enter into the contract through a misapprehension as to a material matter occasioned by the conduct or declarations of the opposite party, he is entitled to be relieved, whether the misapprehension be produced by fraud or innocent mistake: the result is the same in either case.
On the other hand, if the misrepresentation was in no wise material to the risk, and could have had no effect to induce the insurer more readily to assume the risk, or to diminish the premium, then it is clear the policy will not be avoided upon the ground of such misrepresentation. Whether, indeed, the misrepresentation has affected the premium, or induced a policy, which otherwise would have been declined, are questions to be determined by the jurj'. Columbia Ins. Comp. v. Lawrence, 2 Peters R. 25.
As has been seen, the instructions of the Circuit court ignore these principles. They assert that no misrepresentation, however material, affects the policy, unless made with a fraudulent intent. This was clearly erroneous, and renders it necessary that the verdict and judgment should be set aside and a new trial awarded.
The second instruction presents a question of greater difficulty. It declares that although the plaintiff may have represented the premises to be frame and shingle houses, yet if the agent of the company was present and inspected the buildings at the time of the agreement to insure, and before the policy was issued, and inserted the description in the policy, based upon his own inspection as well as the plaintiff’s representations, and such a description was a mistaken one, the plaintiff is entitled to recover, notwithstanding the misdescription contained in the policy.
The chief difficulty in the way of maintaining this ^instruction is that by the express terms of the policy, the description of the property therein contained is made an express warranty. And the doctrine is well understood, that a warranty is in the nature of a condition precedent. It is a matter of no sort of importance whether in such case the condition be material or immaterial, it must be literally performed. This is the general rule. Circumstances, however, sometimes occur to prevent its application. For example, if the company, not relying upon the statements of the insured, sends its own agent to examine the property, and thereupon issues the policy upon the faith of his representations, it would seem to be clear that the insured would not be responsible for a misdescription of the property, however material, though inserted in the policy and constituting a warranty, unless, indeed, there was a withholding of information by the insured incompatible with the obligations of good faith and fair dealing.
But suppose, as assumed in the instruction, the agent makes an examination of the property in behalf of the company, and inserts in the policy a misdescription, based as well upon that examination as upon the representations of the insured, what is the effect of a misdescription thus attributable to the mistake of both parties? This will depend very much upon the circumstances. If the representation of the owner was not bona fide, or if its effect is to induce the company to issue a policy which it otherwise would have rejected, it may be that the insured ought to bear the loss, notwithstanding the companj, through its agent, may have contributed to the mistake.
On the other hand, if the mistake was an innocent one, and the representation was in no wise material to the risk, justice and sound policy would seem to require *that the company shall be held to the observance of its contract. The rule of law which invalidates an insurance unless the warranty is strictly performed however immaterial it may be, is an extremely technical one. Its operation is often to defeat the right of recovery contrary to the plain justice of the case and the real intent of the parties. A rule thus stringent ought not to be applied to an innocent mistake, not affecting the risk, to which both parties have contributed. The company cannot justly complain that it is liable in such case; first, because its own agent has aided in the misrepresentation; and secondly, because its conduct would not have been different had the fact been truly stated.
In the case of Insurance Company v. Wilkinson, 13 Wall. U. S. R. 222, Mr. Justice Miller delivered a very interesting opinion, greatly to be commended for the sound and thoughtful views therein presented. Much of it has a strong application to the present case. In the course of the opinion he said: “It is not to be denied that the application, logically considered, is the work of the assured, and left to himself or to such assistance as he might select, the person so selected would be his agent, and he alone would be responsible. It was well known, however, so well that no court would be justified in shutting its eyes to it, that insurance companies organized under the laws of one state, and having in that state their principal business office, send their agents all over the land, with directions to solicit and procure applications *380 for policies, furnishing them with printed arguments in favor of the value and necessity of life insurance, and of the special advantages of the corporation which the agent represents. The agents are stimulated by letters and instructions to activity in procuring contracts, and the *party who is in this manner induced to take out a policy rarely sees or knows anything about the company or officers by whom it is issued; but looks to and relies upon the agent who has persuaded him to effect insurance, as the full and complete representative of the company, in all that is said or done in making the contract. ’ ’
The learned justice concedes, that according to some of the earlier decisions, the responsibility of the companies for the acts of their agents was limited to the simple receipt of the premium and deliver}' of the policy — a doctrine which had a reasonable foundation to rest upon at a time when insurance companies waited for parties to come to them to seek assurance, or to forward applications on their own motion. But to apply such a doctrine in its full force to the present system of selling policies through agents, would be a snare and a delusion, leading as it as done, in numerous instances, to the grossest frauds, of which the insurance corporations receive the benefits, and the parties supposing themselves insured are the victims. An insurance company, establishing a local agency, must be held responsible to the parties with whom they transact business, for the acts and declarations of the agent, within the scope of his employment, as if they proceeded from the principal.” See also Masters v. Madison County Mutual Insurance Company, 11 Barb. R. 624; Sarsfield v. Metropolitan Ins. Co., 61 Barb. R. 479; 2 American Leading Cases, 5th edition, page 917. The tendency of the modern decisions is in accordance with the liberal views announced by the Supreme court of the United States. It is a source of congratulation that the courts in construing these contracts are abandoning mere technicalities, and rendering decisions more in harmony with the general sense *of mankind and the dictates of an enlightened judicial policy.
The case before us presents a striking illustration of the views here suggested. The record does not contain all the evidence adduced on the trial. It is very evident, however, that the east end of the main building insured was made of logs, weather-boarded and plastered. No one could see these logs, and it is very probable their existence was unknown both to the plaintiff and the agent of the company. Both concurred in representing the buildings as frame, and this description was inserted in the policy. Now, conceding that this was a misdescription, which is very questionable, to say the least, no one can suppose it was material to the policy, or that it had ¡ the slightest effect upon the premium. In ! other words, the misrepresentation, if such it was, was wholly immaterial. And we are told that this constitutes a breach of warranty, and a consequent forfeiture of the policy. We cannot subscribe to this view. If any breach has occurred, we think the company is estopped, under all the circumstances, to insist upon it. This of course is said upon the assumption that the facts are as stated in the instruction. We are therefore of opinion that the second instruction correctly expounded the law, except that it does not sufficiently distinguish between material and immaterial representations. As already stated, if the description of the property contained in the policy was material to the risk, the plaintiff cannot recover, notwithstanding the agent of the company may have concurred in the misrepresentation. Upon any future trial the instructions may be so modified as to conform to this view.
Before concluding this opinion, it is proper to add *that all of us concur in the opinion that the Circuit court did not err in sustaining plaintiff’s demurrer to the three pleas in abatement. All the judges agree that the pleas are defective; but they are not agreed as to the grounds upon which they are to be so adjudged. It is deemed therefore most advisable upon this branch of the case to pronounce a simple judgment of affirmance, without attempting to give reasons which would not be authoritative, and may tend to mislead.
In regard to the motion to quash the writ, made by defendants, it is sufficient to say that the defendants did not claim oyer of the writ and thus make it a part of the record, nor have they brought it before us by bill of exceptions. The rule is well settled that though the writ is, even without oyer, considered as part of the record for purposes of amendment and for the support of the proceedings, yet it is not so for the purpose of reversing them, unless indeed made so by oyer, except in cases of judgment by default. 2 Tucker’s Com. 250, and cases there cited.
The assignment of error under the third bill of exceptions was very properly waived by the defendant’s counsel in the argument here. The bill of exceptions does not state that the witness answered the question. It is, therefore, ’ impossible for this court to say that an answer was given to the question ; or, if given, that it had any influence upon the verdict. Johnson’s ex’or v. Jennings’ adm’or, 10 Gratt. 1. To prevent misapprehension on any future trial, it is proper to say we are all of opinion that the evidence was clearly admissible. This necessarily results from what has been already said upon the question arising under the fourth bill of exceptions.
*The judgment of the Circuit court must be reversed; and the cause remanded to be proceeded with in accordance with the principles herein announced.
Judgment reversed.

See monographic note on “Fire Insurance” appended to Mutual, etc., Soc. v. Holt, 29 Gratt. 612.